UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 13-CV-24177-Huck/O'Sullivan

| | |
|---|---|
| **RANDY THOMAS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **EXPERIAN INFORMATION** | ) |
| **SOLUTIONS, INC.,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
EXPERIAN INFORMATION SOLUTIONS, INC. TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendant Experian Information Solutions, Inc. ("Experian"), by its undersigned counsel, and in answer to Plaintiff Randy Thomas' Complaint ("Complaint"), states as follows:

## JURISDICTION

1.      In response to paragraph 1 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction based on the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. and 28 U.S.C. § 1331 Experian states that this is a legal conclusion which is not subject to denial or admission.

## VENUE

2.      In response to Paragraph 2 of the Complaint, Experian admits that it is an Ohio corporation, with its principal place of business in Costa Mesa, California. Experian further admits that it is qualified to do business and does conduct business in the State of Florida.

Experian further admits that Plaintiff has alleged that venue is proper in the United States Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and (e). Experian states that this is a legal conclusion which is subject to denial or admission.

## PARTIES

3. In response to paragraph 3 of the Complaint, Experian admits that Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c). Except as specifically admitted, Experian does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 of the Complaint.

4. In response to paragraph 4 of the Complaint, without conceding whether Plaintiff states any viable claim for relief, Experian admits that Plaintiff has alleged jurisdiction based on 15 U.S.C. § 1681(i).

5. In response to paragraph 5 of the Complaint, Experian admits that it is an Ohio corporation, with its principal place of business in Costa Mesa, California. Experian further admits that it is qualified to do business and does conduct business in the State of Florida. Experian further admits that it is a credit reporting agency as defined by 15 U.S.C. § 1681a(f), and as a credit reporting agency, it issues consumer reports as defined by 15 U.S.C. § 1681a(d).

## BACKGROUND

6. In response to paragraph 6 of the Complaint, without conceding whether Plaintiff states any viable claim for relief, Experian admits that Plaintiff purports to set forth a portion of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

7. In response to paragraph 7 of the Complaint, without conceding whether Plaintiff states any viable claim for relief, Experian admits that Plaintiff purports to set forth a portion of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

8. In response to paragraph 8 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

9. In response to paragraph 9 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

10. In response to paragraph 10 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11. In response to paragraph 11 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

12. In response to paragraph 12 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

13. In response to paragraph 13 of the Complaint, without conceding whether Plaintiff states any viable claim for relief, Experian admits that Plaintiff purports to set forth a portion of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Experian denies, generally and specifically, each and every remaining allegation in paragraph 13 of the Complaint.

## COUNT ONE – VIOLATION OF THE FAIR CREDIT REPORTING ACT BY DEFENDANT EXPERIAN, 15 U.S.C. § 1681e(b)

14. In response to paragraph 14 of the Complaint, Experian incorporates by reference its responses to paragraphs 1 through 13.

15. In response to paragraph 15 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

16. In response to paragraph 16 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

17. In response to paragraph 17 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

18. In response to paragraph 18 of the Complaint, Experian denies, generally and specifically, that Plaintiff is entitled to any relief from Experian.

## COUNT TWO – VIOLATION OF THE FAIR CREDIT REPORTING ACT BY DEFENDANT EXPERIAN, 15 U.S.C. § 1681i

19. In response to paragraph 19 of the Complaint, Experian incorporates by reference its responses to paragraphs 1 through 18.

20. In response to paragraph 20 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

21. In response to paragraph 21 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

22. In response to paragraph 22 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

23. In response to paragraph 23 of the Complaint, Experian denies, generally and specifically, that Plaintiff is entitled to any relief from Experian.

### JURY TRIAL DEMAND

24. In response to paragraph 24 of the Complaint, Experian admits that Plaintiff has demanded a trial by jury.

### PLAINTIFF'S PRAYER FOR RELIEF

In response to Plaintiff's prayer for relief, Experian denies that Plaintiff is entitled to any relief from Experian.

### ADDITIONAL RESPONSE

Experian denies each allegation of the Complaint not specifically admitted above and denies that Plaintiff is entitled to any of the relief or damages he seeks in this action.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### SECOND AFFIRMATIVE DEFENSE

All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

### THIRD AFFIRMATIVE DEFENSE

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

- 6 -

### FOURTH AFFIRMATIVE DEFENSE

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

### SIXTH AFFIRMATIVE DEFENSE

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages.

### SEVENTH AFFIRMATIVE DEFENSE

Experian did not act with malice or willful intent toward Plaintiff but rather acted in good faith at all times in its dealings with her.  Accordingly, Plaintiff's demand for statutory damages is not warranted, nor is Plaintiff entitled to any punitive damages.

### EIGHTH AFFIRMATIVE DEFENSE

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1) That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2) For Experian's costs of suit and attorneys' fees herein incurred; and

- 7 -

(3) For such other and further relief as the Court may deem just and proper.

Dated: December 9, 2013

Respectfully submitted,

*/s/ Maria H. Ruiz*

Maria H. Ruiz
Florida Bar No.: 182923
Kasowitz, Benson, Torres & Friedman LLP
1441 Brickell Avenue
Suite 1420
Miami, Florida 33131
Tel. (786) 587-1044
Fax (305) 675-2601
MRuiz@kasowitz.com

*Attorney for Defendant*
*Experian Information Solutions, Inc.*

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on the persons listed below via transmission of Notices of Electronic Filing generated by CM/ECF:

Matthew J. Militzok, Esq.
Militzok & Levy, P.A.
The Yankee Clipper Law Center
3230 Stirling Road, Suite 1
Hollywood, Florida  33021

*Attorney for Plaintiff*

        s/ Maria H. Ruiz
        Maria H. Ruiz
        Florida Bar No.: 182923
        Kasowitz, Benson, Torres & Friedman LLP
        1441 Brickell Avenue
        Suite 1420
        Miami, Florida 33131
        Tel. (786) 587-1044
        Fax (305) 675-2601
        MRuiz@kasowitz.com

        *Attorney for Defendant*
        *Experian Information Solutions, Inc.*